# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

LOUIS VALENTINO, on behalf of herself and all others similarly situated,

Plaintiff(s),

-against-

CLIENT SERVICES, INC.; and JOHN DOES 1-25.

Defendant(s).

Civil Case No.:_____

## CIVIL ACTION

**CLASS ACTION COMPLAINT
AND
DEMAND FOR JURY TRIAL**

Plaintiff, LOUIS VALENTINO, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, CLIENT SERVICES, INC. (hereinafter "CSI"); and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.    Venue is proper in this district under 28 U.S.C. § 1391(b) because jurisdiction is not founded solely on diversity of citizenship and one of the Plaintiffs resides in this jurisdiction.

## PARTIES

4.     Plaintiff is a natural person and a resident of the County of Bronx, State of New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

5.     CSI maintains an office at 3451 Harry S. Truman Blvd., St. Charles, MO 63301-4047.

6.     John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## ALLEGATIONS OF FACT

7.     At all times relevant, the principal purpose of CSI was the collection of debts using the mails and telephone.

8.     At all times relevant, CSI regularly attempted to collect debts alleged to be due to another.

9.     At all times relevant, CSI regularly collected or attempted to collect debts due or alleged to be due another.

10.    At all times relevant, CSI regularly collected or attempted to collect debts owed or due or asserted to be owed or due another, which debts were incurred primarily for personal, family or household purposes.

11.    At all times relevant, CSI used the mail, telephone or other instruments of interstate commerce in its attempts to collect debts due or alleged to be due another.

12.    At all times relevant, CSI used the mail, telephone or other instruments of interstate commerce in its attempts to collect consumer debts owed or due or asserted to be owed or due another.

13.   At all times relevant, the principal business engaged in by CSI was the collection of debts, which debts were incurred primarily for personal, family or household purposes.

14.   CSI is a "debt collector" within the scope of the definition contained in 15 U.S.C. § 1692a(6) and interpretations thereof.

15.   Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

16.   Plaintiff and others similarly situated are consumers as they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

17.   CSI sent Plaintiff a letter dated January 9, 2017, a copy of which is attached as Exhibit A, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

18.   Upon receipt, Plaintiff read the January 9, 2017 letter.

19.   CSI's January 9, 2017 letter was an attempt to collect an amount allegedly due as set forth in the letter.

## CLASS ACTION ALLEGATIONS

20.   Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and Bronx County consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

21.   This Action is properly maintained as a class action.  The Class is initially defined as follows:

All Bronx County consumers who were sent letters and/or notices from CSI, concerning a debt owed to another, which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein.  The Class period begins one year to the filing of this Action.

> ➢ <u>The class may be subsequently refined</u>.

> ➢ <u>Specifically excluded from this class is any Judge presiding over this Action and members of their immediate families</u>.

22.    Plaintiff seeks to recover statutory damages, attorneys' fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

23.    The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

24.    There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals.  These common questions include, but are not limited to:

> Whether CSI has violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e *et seq.*, and 1692g *et seq.*

25.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  While the economic damages suffered by the individual class members are significant, the amount may be modest compared to the expense and burden of individual litigation. Additionally, the FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

26.    The claims of the Plaintiff are typical of the claims of the members of the Class.

27.    The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

28.    Plaintiff does not have interests antagonistic to those of the Class.

29.    The Class, of which Plaintiff is a member, is readily identifiable.

30.    Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel has investigated and identified potential claims in the action; has a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

31.    The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for CSI in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

32.    CSI has acted or refuse to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

33.    Plaintiff does not anticipate any difficulty in the management of this litigation.

## FIRST CLASS COUNT

### Fair Debt Collection Practices Act Violations

34.    Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

35.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

36.    One such requirement is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

37.    A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

38.    A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

39.    Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. §1692g(a)(2).

40.    Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

41.    When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

42.    CSI letter of January 9, 2017, fails to explicitly identify the name of the creditor to whom the debt is owed.

43.    CSI letter of January 9, 2017, letter to Plaintiff fails to identify any creditor to whom the debt is owed.

44.    CSI letter of January 9, 2017 fails to identify any entity or individual as a "creditor."

45.    CSI letter of January 9, 2017, merely  states:

RE: CHASE BANK USA, N.A.

46.    The letter fails to indicate whether the "RE" refers to Plaintiff's creditor.

47.    The letter fails to indicate whether the "Re:" refers to the creditor to whom the debt is owed.

48.    The letter fails to indicate whether the "RE" refers to the current creditor to whom the debt is owed.

49.    CSI letter of January 9, 2017, states: "The above account has been placed with our organization for collections."

50.    CSI failed to explicitly state the name of the creditor to whom the debt is

owed.

51.     CSI letter of January 9, 2017, failed to clearly state the name of the creditor to whom the debt is owed.

52.     The least sophisticated consumer would be confused as to the creditor to whom the debt is owed.

53.     The least sophisticated consumer would be uncertain as to the creditor to whom the debt is owed.

54.     CSI has violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

55.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

56.     While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

57.     Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

58.     The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

59.     For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

60.     Because the January 9, 2017, collection letter in the instant case is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of 15 U.S.C. § 1692e.

61.     The least sophisticated consumer would likely be deceived by Defendant's conduct.

62.     The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

63.     Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

64.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

65.     Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

66.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

67.     Plaintiff and others similarly situated were sent letters, which would have affected their decision-making with regard to the debt.

68.     Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

69.     Plaintiff has suffered damages and other harm as a direct result of CSI actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys'

fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court

may deem just and proper.


Dated: July 24, 2017

                                               *s/ Joseph K. Jones*
                                               Joseph K. Jones, Esq.
                                               JONES, WOLF & KAPASI, LLC
                                               One Grand Central Place
                                               60 East 42nd. Street, 46th Floor
                                               New York, New York 10165
                                               (646) 459-7971 telephone
                                               (646) 459-7973 facsimile
                                               jkj@legaljones.com


## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

                                               *s/ Joseph K. Jones*
                                               Joseph K. Jones, Esq.

# Exhibit

# A



**client SERVICES** INCORPORATED

3451 Harry S Truman Blvd.
Saint Charles, MO 63301-4047

RE: CHASE BANK USA, N.A.
ACCOUNT NUMBER: XXXXXXXXXXXX4343
BALANCE DUE: $2,749.55
REFERENCE NUMBER: ▓▓▓▓▓▓

Office Hours (Central Time)
Monday-Thursday: 8am-8pm
Friday: 7am-5pm
Saturday: 7am-11am
Sunday: Closed

PHONE: 877-288-9903

DATE: 01/09/2017

## DEBT VALIDATION NOTICE

The above account has been placed with our organization for collections.

| | |
|---|---|
| Balance Due At Charge-Off: | 2,749.55 |
| Interest Post-Charge Off: | 0.00 |
| Other Charges Post-Charge Off: | 0.00 |
| Payments Made Post-Charge-Off: | 0.00 |
| **Current Balance:** | **2,749.55** |

Unless you notify our office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request of this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

We look forward to working with you in resolving this matter.

Michael Crafts

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

FOR IMPORTANT RIGHTS AND PRIVILEGES WHICH MIGHT APPLY TO YOUR STATE OF RESIDENCE,
PLEASE SEE BELOW OR REVERSE SIDE (IF FAXED THEN FOLLOWING PAGE).

| | |
|---|---|
| ✉ Send your payment in the enclosed envelope using the remittance coupon below. |  Online: www.csiconsumercenter.com |
| ☎ Pay-by-Phone: 1-877-552-5905 |  If you are unable to pay the balance in full, contact our office at 877-288-9903 for payment options, which may be available to you. |

**Do not send correspondence to this address.**

PO Box 1586
Saint Peters, MO 63376

REFERENCE NUMBER ▓▓▓▓▓▓
AMOUNT ENCLOSED ▓▓▓▓▓▓

**Checks Payable To: Client Services, Inc.**

▓▓▓ LOUIS VALENTINO

REMIT TO:

CLIENT SERVICES, INC.
3451 HARRY S. TRUMAN BLVD
ST. CHARLES MO 63301-4047

1 of 1